IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WIFI RAIL, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>BOLDYN NETWORKS GLOBAL LIMITED,<br><br>   Defendants. | CASE NO. 2:25-cv-0884 |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

WiFi Rail, Inc. ("WiFi Rail" or "Plaintiff") hereby files this Original Complaint for Patent Infringement against Boldyn Networks Global Limited ("Boldyn" or "Defendant"), and alleges, upon information and belief, as follows:

**THE PARTIES**

1. Plaintiff is an entity organized under the laws of the State of Delaware with a principal place of business at 1565 MacArthur Blvd. Costa Mesa, CA 92626.

2. On information and belief, Defendant Boldyn Networks Global Limited is a foreign company organized and existing under the laws of England, having its principal place at 1 Kingdom Street, Level 2, London, England, W2 6BD.

3. As shown below, Defendant describes itself as "[m]ade up of innovative, bold, and dynamic thinkers from nine companies, we are one of the largest neutral host providers of neutral host networks in the world. Our extensive experience in deploying shared communications infrastructure spans the US, UK, France, Ireland, Spain, Finland, Italy, Germany and Hong Kong." One of its American affiliates is Boldyn Networks US LLC.



      *See* **Exhibit C - Boldyn About Us, available at https://www.boldyn.com/uk-ie/about-us**.

4. Defendant and its affiliate share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products, systems and services involving related technologies.

5. Defendant and its affiliate regularly contracts with customers regarding products, systems and services made for or on behalf of those customers.

6. Thus, Defendant and its affiliate operates as a unitary business venture and is liable for the acts of patent infringement alleged herein.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, in the State of Texas and in

the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

9. Specifically, Defendant intends to do and does business in, and has committed acts of infringement in this District, in this State of Texas, and in the United States, directly, through intermediaries, by contributing to and through its inducement of third parties, and offering its products or services, including those accused of infringement here, to customers and potential customers located in this District.

10. Defendant has purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendant regularly sells (either directly or indirectly), its products, systems and services within this District. For example, upon information and belief, Defendant has placed its products, systems and services into the stream of commerce via affiliates with the knowledge or understanding that such products, systems and services are being sold in this Judicial District and the State of Texas. Defendant is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to its substantial and pervasive business in this State and District, including its infringing activities alleged herein, from which Defendant derives substantial revenue from goods sold to residents and consumers.

11. Defendant sells, offers for sale, uses, makes and/or imports products, systems and services that are and have been used, offered for sale, sold, and purchased in the Eastern District of Texas, and Defendant has committed acts of infringement in the Eastern District of Texas, has conducted

business in the Eastern District of Texas, and/or has engaged in continuous and systematic activities in the Eastern District of Texas.

12. Venus is proper in this District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident of the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). *See also In re: HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) (holding that "[t]he Court's recent decision in TC Heartland does not alter" the alien-venue rule).

## ASSERTED PATENTS

13. Plaintiff is a wireless communications service provider with specific focuses on heavy rail transit authorities providing "turn-key" solutions that enhances safety, security, operations, maintenance, and passenger amenities.

14. Plaintiff has designed and patented an end-to-end solution comprised of proprietary architecture, wayside and on-train equipment, and an application suite tailored for mass transit metros such as the San Francisco Bay Area Rapid Transit District ("BART").

15. Indeed, Plaintiff is the owner by assignment of a portfolio of patents, including U.S. Patent No. 7,768,952 ("the '952 patent" and "Asserted Patents"). *See* **Exhibit A**. The Asserted Patents were assigned to Plaintiff on October 26, 2007.

16. By written instruments executed, Plaintiff has an exclusive license to all rights, title, and interest in the Asserted Patents. As such, Plaintiff has sole and exclusive standing to assert the Asserted Patents and to bring these causes of action.

17. The Asserted Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

18. The Asserted Patents have been in full compliance with compliance 35 U.S.C. § 287 through either (1) actual notice with affirmative communication of a specific charge of infringement by a specific accused product or device or (2) providing constructive notice—i.e., appropriately marking its products. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Artic Cat II*"). Alternatively, the notice provisions do not apply because the patents are directed to methods and/or the patentee has never made or sold a patented article. *Id*.

19. The Asserted Patents have been cited by well-known industry leaders, including industry giants AT&T, Honeywell, Panasonic, Juniper, Cisco, Intel, Qualcomm, Sprint and IBM.

20. The Asserted Patents each include numerous claims defining distinct inventions. No single claim is representative of any other.

21. On August 3, 2010, the '952 patent entitled "System and Method of Wirelessly Communicating with Mobile Devices" was duly and legally issued from U.S. Patent Application No. 11/839,992 filed on August 16, 2007, claiming priority to Provisional Patent application No. 60/838,752 ("the '752 provisional patent") filed on August 18, 2006.

22. The Asserted Patents generally relate to wireless communication and more particularly to wireless communication with a plurality of mobile devices.

23. As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine. Indeed, the Asserted Patents overcame a number of specific technological problems in the industry and provided specific technological solutions.

24. The claims of the Asserted Patents are patent eligible under 35 U.S.C. § 101, 102, 103, and 112, as reflected by the fact that three different Patent Examiners all agreed and allowed the Asserted Patents over extensive prior art as disclosed and of record during the prosecution of the Asserted Patents. *See Stone Basket Innov.,* 892 F.3d at 1179 ("when prior art is listed on the face of a patent,

the examiner is presumed to have considered it") (citing *Shire LLC v. Amneal Pharm., LLC,* 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *Exmark Mfg. v. Briggs & Stratton,* 879 F.3d 1332, 1342 (Fed. Cir. 2018).

25. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all of the claims of the Asserted Patents to issue. In so doing, it is presumed that Examiners used their knowledge of the art when examining the claims. *See K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Patent Examiners had experience in the field of the invention, and that the Patent Examiners properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

26. The claims of the Asserted Patents are novel and non-obvious, including over all non-cited art that is merely cumulative with the referenced and cited prior art. *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application); *see also AbbVie Deutschland GmbH v. Janssen Biotech,* 759 F.3d 1285, 1304 (Fed. Cir. 2014); *In re DBC,* 545 F.3d 1373, 1382 (Fed. Cir. 2008). Likewise, the claims of the Asserted Patents are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiners. *See, e.g., St. Clair I.P. Consultants v. Canon, Inc.,* 2011 WL 66166 at *6 (Fed. Cir. 2011); *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002); *In re Koninklijke Philips Patent Litigation,* 2020 WL 7392868 at *19 (N.D. Cal. 2020); *Standard Oil v. American Cyanamid,* 774 F.2d 448, 454 (Fed. Cir. 1985) (persons of ordinary skill are presumed to be aware of all pertinent prior art).

## THE ACCUSED INSTRUMENTALITIES

27. Upon information and belief, Boldyn makes, sells, advertises, offers for sale, uses, or otherwise provides personal computer, laptops, and devices that include an operation frequency adjusting system and method covered by the Asserted Patents, including but not limited to, its integration of RADWIN's FiberinMotion in its wireless connectivity solutions.

28. Collectively, all the foregoing, including all configurations and augmentations thereof, are referred to herein as the "Accused Products."

## COUNT I
## Infringement of U.S. Patent No. 7,768,952

29. Plaintiff incorporates the above paragraphs by reference.

30. Defendant has been on actual notice of the '952 Patent at least as early as the date it received service of the Original Complaint in this litigation.

31. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '952 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

32. Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Products and generates substantial financial revenues and benefits therefrom.

33. Defendant has directly infringed and continues to directly infringe the claims of the '952 Patent. As shown in **Exhibit B**, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Products. Defendant directly makes and sells the infringing Accused Products at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

34. Further on information and belief, Defendant directly uses the infringing Accused Products at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Products as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Products in an infringing manner. Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Products.

35. As shown above, Defendant is making, using, and offering for sale the Accused Products.

36. Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing systems and method operation of the Accused Products.

37. On information and belief, the infringement of the '952 Patent by Defendant will now be willful through the filing and service of this Complaint.  The '952 Patent is not expected to expire before April 6, 2029.

38. In addition or in the alternative, on information and belief, Defendant has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '952 Patent by Defendant is willful.

39. In addition or in the alternative, Defendant, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Defendant's

       customers and/or contributing to the infringement by Defendant's customers of the '952 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '952 Patent. This includes without limitation, one or more of the Accused Products by making, using, importing offering for sale, and/or selling such products, systems and services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '952 Patent under 35 U.S.C. § 271.

40. Defendant, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b). Defendant performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*, 501 F.3d 1307, 1313, (Fed. Cir. 2007).

41. Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

42. Defendant has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner.

*See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

43. The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '952 Patent.

44. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1. Declaring that Defendant has infringed the Asserted Patents;

2. Awarding Plaintiff its damages suffered because of Defendant's infringement of the Asserted Patents;

3. Enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendant's willful infringement of the Asserted Patents;

4. Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and

5. Granting Plaintiff such further relief as the Court finds appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Respectfully Submitted

*/s/ Christopher A. Honea*
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**